## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | | |
|---|---|---|
| THERESA HEAD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10-0155 |
| | ) | |
| MYRON L. BATTS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody (Document No. 1.) and Application to Proceed Without Prepayment of Fees (Document No. 3.).[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be dismissed.

### FACT AND PROCEDURE

**A.      Criminal Action No. 2:04-cr-0006:**

On April 29, 2005, Petitioner pled guilty in the United States District Court for the Western District of Virginia to one count of conspiracy to distribute oxycodone, a Schedule II Controlled Substance, in violation of 18 U.S.C. § 846 (Count 1). United States v. Head, Case No. 2:04-cr-0006

---

[1]  Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(W.D.Va. Nov. 14, 2005), Document No. 57. On November 14, 2005, the District Court sentenced Petitioner to a 21-month term of imprisonment, to be followed by a three-year term of supervised release. Id., Document Nos. 76 and 77. Petitioner did not appeal her conviction or sentence to the Fourth Circuit Court of Appeals.

**B .   Criminal Action No. 2:05-cr-0026:**

On April 24, 2006, Petitioner was convicted in the United States District Court for the Western District of Virginia of five counts of distribution of oxycodone, a Schedule II Controlled Substance, in violation of 18 U.S.C. § 841(a)(1) (Counts 1, 3, 5, 7, 9); four counts of distribute of oxycodone while released under Chapter 207 of Title 18, in violation of 18 U.S.C. § 3147 and 21 U.S.C. § 841(a)(1) (Counts 2, 4, 6, and 8); and three counts of obstruction of justice in violation of 18 U.S.C. § 1512 (Counts 10, 11, and 12). United States v. Head, Case No. 2:05-cr-0026 (W.D.Va. Jan. 18, 2007), Document No. 89. On January 18, 2007, the District Court sentenced Petitioner to a total term of 151-months imprisonment, consisting of 103-months as to each of Counts 1, 3, 5, 7, 9, 10, 11, and 12, to be served concurrently, and 12-months as to each of Counts 2, 4, 6, and 8, to be served consecutively to the terms of imprisonment imposed on Counts 1, 3, 5, 7, 9, 10, 11, and 12. Id., Document No. 107 and 108. The District Court further imposed a five-year term of supervised release, consisting of five-years on each of Counts 1, 3, 5, 7, and 9, and three-years on each of Counts 2, 4, 6, 8, 10, 11, and 12, to run concurrently. Id. The foregoing sentences were ordered to "run consecutively with the defendant's imprisonment under any previous state or federal sentence." Id. On January 22, 2007, Petitioner filed her Notice of Appeal. Id., Document No. 110. By Order entered on December 17, 2007, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. Id., Document No. 131.

**C.      Section 2255 Motion:**

On May 12, 2008, Petitioner, acting *pro se*, filed in the Western District of Virginia a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  <u>Casey v. United States</u>, Case No. 1:08-cv-80057, Document No. 133. Petitioner asserted that trial counsel acted ineffectively because (1) he failed to move for a continuance of sentencing;[2] (2) he had a conflict of interest; (3) he failed to challenge the drug amount at sentencing; and (4) he failed to call witnesses that the defendant requested regarding the drug amount. <u>Id.</u> The United States filed a Motion to Dismiss on August 25, 2008. <u>Id.</u>, Document No. 142. On September 15, 2008, Petitioner filed her Response. <u>Id.</u>, Document No. 144. By Memorandum Opinion and Order entered on November 12, 2008, the District Court granted the United States' Motion and dismissed Petitioner's Section 2255 Motion. <u>Id.</u>, Document No. 145 and 146. On November 26, 2008, Petitioner filed a Notice of Appeal. <u>Id.</u>, Document No. 147. By Order entered on February 27, 2009, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed her appeal. <u>Id.</u>, Document Nos. 151 and 152. On August 17, 2012, Petitioner filed a Motion for Reconsideration of her Section 2255 Motion. <u>Id.</u>, Document No. 158.

**D.      Section 2241 Petition:**

On February 18, 2010, Petitioner, acting *pro se*, filed her instant Petition requesting relief

---

[2] The District Court stated as follows (Criminal Action No. 2:05-0026, Document No. 145, p. 5, fn. 3.):

> This claim is also untimely. Here, Head challenges the sentence she received in the 2004 case, while the remainder of her claims in this § 2255 action concerns the 2005 case. Judgment was entered in the 2004 case on December 15, 2005. Her conviction became final on December 29, 2005, upon expiration of her ten-day opportunity to file a notice of appeal. She did not bring this § 2255 claim until May 2008, more than three years after her conviction in the 2004 case became final. Therefore, the claim was filed outside the one-year filing period mandated under § 2255(f)(1).

under 28 U.S.C. § 2241. (Document No. 1.) In her Petition, Petitioner alleges the follow grounds for *habeas* relief: (1) "Failure to conduct pre-trial investigation as evidence of ineffective assistance of counsel" (Document No. 2, pp. 2 - 3.) (2) "Interrogations without counsel present in violation of Fifth Amendment" (Id., pp. 3 - 4.); (3) "Fifth Amendment Violations" (Id., pp. 4 - 9.); (4) "Did not knowingly sign plea agreement and thereby waive my Fifth, Sixth, and post-conviction relief rights" (Id., pp. 9 -10.); and (5) "Below standard conduct of appellate counsel by which I was egregiously prejudiced" (Id., pp. 11 - 15.). Petitioner, therefore, requests *habeas* relief. (Id., p. 15.)

Also on February 18, 2010, Petitioner filed an Application to Proceed Without Prepayment of Fees (Document No. 3.) and paid the $5.00 filing fee (Document No. 1-1.).

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's

conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon her liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of her conviction and sentence imposed by the Western District of Virginia. Specifically, Petitioner claims that her Fifth and Sixth Amendment rights were violated and trial counsel was ineffective. Petitioner is basically challenging the validity of her conviction and sentence, not the manner in which her sentence is being executed. Thus, Petitioner requests that this Court invalidate her conviction and sentence. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides

as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Western District of Virginia. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[3]

　　To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the

---

[3] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, she must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A).

undersigned will consider her claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence if she can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging her conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that her remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that " § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and

cannot demonstrate that Section 2255 was inadequate or ineffective such that she could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes her actual innocence. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain her burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and her Section 2241 Petition should be dismissed.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY as moot** Petitioner's Application to Proceed Without Prepayment of Fees (Document No. 3.), **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good

cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: October 10, 2012.

R. Clarke VanDervort
United States Magistrate Judge